**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | )<br>)<br>) |
| Plaintiff, | )  3:16-cv-00472-RCJ-WGC<br>) |
| vs. | )<br>)  **ORDER** |
| CASITAS ON THE GREEN<br>HOMEOWNERS' ASSOCIATION et al., | )<br>)<br>) |
| Defendants. | ) |

This case arises out of a homeowners' association foreclosure sale. Pending before the Court is a motion for summary judgment.

## I.  FACTS AND PROCEDURAL HISTORY

In June 2005, Walter and Janet Coopman refinanced a loan against real property at 5593 Churchill Green Drive, Sparks, Nevada 89436 ("the Property"), giving a $236,250 promissory note ("the Note") and deed of trust ("the DOT") to a predecessor-in-interest of Nationstar Mortgage, LLC ("Nationstar"). (Compl. ¶¶ 6, 12–13, ECF No. 1). Casitas on the Green Homeowners' Association ("the HOA") auctioned the Property to Thunder Properties, Inc. ("Thunder") for $13,100 on or about March 28, 2014. (*Id.* ¶¶ 23–24). Nationstar has sued the HOA and Thunder in this Court to quiet title to the Property. Nationstar also brings claims against the HOA for violation of Nevada Revised Statutes section ("NRS") 116.1113 and common law wrongful foreclosure. Nationstar has moved for offensive summary judgment.

## II. SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is

sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even where the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

### III. ANALYSIS

#### A. NRS 116.1113 and Wrongful Foreclosure

The Court denies summary judgment on the claims under NRS 116.1113 and the common law of wrongful foreclosure. No evidence is adduced of Nationstar having mediated or arbitrated the propriety of the foreclosure under the HOA's governing documents, so the Court cannot grant offensive summary judgment on the NRS 116.1113 claim. *See McKnight Family,*

*L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 558 (Nev. 2013) (en banc) (citing Nev. Rev. Stat. § 38.310)). And there is no evidence of a wrongful foreclosure under the common law, because it does not appear disputed that there remained a default on the HOA dues as of the date of sale, i.e., at least as to the subpriority piece, regardless of whether the superpriority piece had been tendered. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Indeed, in the present case, Nationstar does not even appear to argue having tendered the superpriority piece of the HOA lien prior to sale. In any case, Nationstar does not appear to argue these causes of action in its present motion.

### B. Quiet Title

Nationstar's motion is directed primarily to the quiet title claim. It argues that the opt-in notice scheme of Chapter 116 as it existed on the date of foreclosure was facially unconstitutional under the Due Process Clause of the Fourteenth Amendment, *see Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016), that the sale was commercially unreasonable under *Shadow Wood Homeowners Association, Inc. v. N.Y. Community Bancorp, Inc.*, 366 P.3d 1105 (Nev. 2016) and/or *Levers v. Rio King Land & Investments Co.*, 560 P.2d 917, 919–20 (Nev. 1977), and that *SFR Investments Pool 1, LLC v. US Bank, N.A.*, 334 P.3d 408 (Nev. 2014) should not be applied retroactively.

### 1. Due Process

The Court denies summary judgment under *Bourne Valley* under the circumstances of the present case. Thunder has attached a copy of a letter sent from Assessment Management Services ("AMS") to Mortgage Electronic Registration Systems, Inc. ("MERS") notifying MERS of the sale. (*See* Letter, Feb. 18, 2014, ECF No. 29-7, at 10). Nationstar did not obtain its interest until after the March 28, 2014 sale. (*See* Assignment, May 5, 2014, ECF No. 29-6, at 2). The original lender, Soma Financial ("Soma"), held the Note at the time of sale, and MERS held

the DOT. (*See* Deed of Trust, ECF No. 29-1, at 2 (splitting the DOT from the Note in typical MERS-fashion)). There is therefore evidence of notice of the sale to the holder of the DOT.

But notice ultimately doesn't even matter in this case, because the Note and DOT were split at the time of sale. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 258–59 (Nev. 2012). After a contractual split of a deed of trust from the not it secures—which is permissible under Nevada law and which occurs under MERS-type deeds of trust, as used here—the holder of the deed of trust has no standing to foreclose until he also obtains the note. *Id.* at 254–59. That was the situation here from the date the DOT was given until May 5, 2014, when MERS assigned both Soma's Note and its own DOT to Nationstar. But the foreclosure sale happened on March 28, 2014, before the split was cured via the assignment of the Note and DOT to a single entity. Because MERS (the holder of the DOT at the time of the foreclosure sale) had no standing to complain of its loss, Nationstar can have obtained no standing from MERS. For the same reason, MERS was not entitled to notice of the sale under the Due Process Clause (even though it appears to have received it), because under Nevada law MERS had no interest in the Property to lose via extinguishment of the DOT while it was split from the Note.

### 2. Commercial Unreasonableness

As it has done in other cases where a property is sold at auction for a small fraction of an outstanding loan (here 6%), the Court will leave the *Shadow Wood* and *Levers* issues to a jury. *See, e.g.*, *U.S. Bank v. Countryside Homeowners Ass'n*, No. 2:15-cv-1463, 2016 WL 3638112, at *6 (D. Nev. July 7, 2016) (Jones, J.).

### 3. Retroactivity of *SFR Investments Pool 1*

The Court will not grant summary judgment while the issue is pending oral argument before the en banc Nevada Supreme Court on May 1, 2017 pursuant to this Court's certification in another case.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 27) is DENIED.

IT IS SO ORDERED.

DATED: This 13th day of April, 2017.

_____
ROBERT C. JONES
United States District Judge